IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN NAPIER,<br><br>          Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | 1:12-cv-1308  AWI DLB<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND PLAINTIFF'S REQUEST FOR LEAVE TO AMEND<br><br>Doc. #'s 4 and 7 |

    This is an action for damages that arises from a search by agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF" or "Defendant") on January 30, 2009, of plaintiff Sean Napier ("Plaintiff").  Plaintiff's residence and car were also searched on the same date.  Plaintiff's complaint alleges a single claim for "Civil Rights Violation" and a total of ten other claims alleging various torts under California common law.  Currently before the court is Defendants' motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure or, in the alternative, for failure to state a claim for which relief may be granted pursuant to Rule 12(b)(6).  For the reasons that follow, Plaintiff's complaint will be dismissed for lack of subject matter jurisdiction.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

    Plaintiff's complaint lacks sufficient factual information to determine when the events that give rise to Plaintiff's action occurred or what actions were taken subsequently by

Plaintiff to obtain administrative review of his claims. Plaintiff's complaint is subject to dismissal on that account. However, in order to present a more coherent factual narrative, the court will rely on facts presented in Defendant's motion to dismiss with the observation that Plaintiff has not opposed or contradicted any of the facts asserted by Defendant. On January 30, 2009, agents of ATF and officers of the Clovis Police Department stopped Plaintiff as he was driving in his truck and detained him and search both Plaintiff and the truck. On the same day, the ATF agents and Clovis police officers conducted a warrantless search of Plaintiff's residence. Plaintiff was detained during the search. Although no items were seized, the complaint alleges Plaintiff's property was damaged or destroyed.

Defendant submits a number of documents for judicial notice. Because the motion before the court challenges the court's jurisdiction pursuant to F.R.C.P. 12(b)(1), the court grants the request for judicial notice and will consider the materials submitted. Among the materials submitted by Defendant is a copy of Plaintiff's completed Federal Tort Claim form, which is dated January 27, 2011, and a letter from the United States Department of Justice dated February 7, 2011, noting that the claim form had been received by the Department of Justice on January 31, 2011, and had been forwarded to the proper agency, ATF. The form was apparently received by ATF on February 7, 2011. ATF denied Plaintiff's administrative claim as time-barred. The complaint does not contain any allegation that a claim was filed with any California jurisdiction pursuant to the California Tort Claims Act. Plaintiff filed the instant action in Fresno County Superior Court on January 30, 2012. The complaint was removed to this court on August 10, 2012. The motion to dismiss was filed on August 15, 2012.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction. A federal court has subject matter jurisdiction over an action that either arises under federal law, or when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a) (West 1998). When subject matter jurisdiction is

2

challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. See <u>Stock West, Inc. v. Confederated Tribes</u>, 873 F.2d 1221, 1225 (9th Cir.1989). "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." <u>Smith v. McCullough</u>, 270 U.S. 456, 459, 46 S.Ct. 338, 70 L.Ed. 682 (1926).

"In resolving a Rule 12(b)(1) motion [to dismiss] for lack of subject matter jurisdiction, unlike motions brought pursuant to Rule 12(b)(6), courts are generally free to consider relevant materials outside the pleadings. [Citations.]" <u>Nat'l Comty. Reinvestment Coalition v. Nat'l Credit Union Admin.</u>, 290 F.Supp.2d 124, 131 (D.C. 2003).

## DISCUSSION

As an initial matter, the court notes this action is captioned as being against a single defendant, United States of America; however, it appears from the body of the complaint that Plaintiff may have intended to sue City of Clovis as well. The court also notes that the only summons that was issued by the Fresno County Superior Court that is apparent in the removed documents was directed to the federal Defendant. On that basis, the court will proceed on the assumption that the complaint was never served on City of Clovis and that no summons was ever issued as to City of Clovis. In the event that the court's assumption is erroneous, either party may move for correction. To the extent it is possible that Plaintiff may have been under the impression that he could sue City of Clovis *through* an agency of the federal government, Plaintiff is hereby notified that each party to a lawsuit must be served with all pleadings pertaining to the lawsuit pursuant to Rule 5 of the Federal Rules of Civil Procedure. If a complaint and summons was not served on City of Clovis, then City of Clovis is not a defendant in this action.

The primary basis for Defendant's motion to dismiss is the contention that Plaintiff's claims are time-barred. Giving Plaintiff's complaint the broadest possible interpretation, the court finds there are two categories of claims for purposes of a statute of limitations defense;

3

a civil rights claim and tort claims under the Federal Tort Claims Act ("FTCA").  All claims arise from the same event.  That event – the search of Plaintiff's person, vehicle and residence – occurred on the single date of January 30, 2009.  Thus, the basis for any determination of limitations period begins with the same events occurring on a single date.

**I. Civil Rights Claim**

Although Plaintiff's claims for relief are numbered, the third claim alleged in Plaintiff's complaint alleges violation of "a federal right."  Given the factual context of this case, the court will assume for purposes of this discussion that Plaintiff's third claim for relief alleges violation of his right against unreasonable search and seizure under the Fourth Amendment pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).  Where time limitations to bring a federal action are not addressed under the authorizing statute or by case law, courts borrow the limitations period that is applicable to the type of action that is imposed by the state in which the suit is brought.  See Wilson v. Garcia, 471 U.S. 261, 268 (1985) (courts borrow most appropriate statute of limitations); Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 974 (9th Cir. 2004).  Because neither 42 U.S.C. § 1983 nor Bivins contain any specific statute of limitations, federal courts borrow state statutes of limitations for personal injury actions.  See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Torres v. City of Santa Ana, 108 F.3d 224, 226 (9th Cir. 1997).  The Ninth Circuit has consistently held that the limitations period for an action pursuant to section 1983 or Bivins is contained in California's general personal injury statute.  See McDougal v. County of Imperial, 942 F.3d 668, 672 (9th Cir. 1991).  California's general personal injury statute is set forth at California Code of Civil Procedure, section 335.1 and provides a limitations period of 2 years.  See Thompson v. City of Shasta Lake, 314 F.Supp.2d 1017, 1023-1024 (E.D. Cal. 2004 (discussing applicability of California's general residual statute of limitations to actions pursuant to section 1983).  Pursuant to Wilson, California's two-year limitations period applies to claims asserted pursuant to Bivins.

Civil rights claims pursuant to section 1983 or under Bivins do not require administrative exhaustion for jurisdiction to be available in federal court.  Thus, Plaintiff's

4

civil rights claim is time-barred if it was not filed within two years of the date of accrual. There is no contention that Plaintiff's civil rights accrued any later than January 30, 2009. Given that Plaintiff's <u>Bivins</u> claim must have filed not later that two years from that date, it is beyond question that his claim was time-barred since it was not filed until three years after the date of accrual. The court therefore lacks jurisdiction over Plaintiff's <u>Bivins</u> claim and will grant Defendants' motion to dismiss both with prejudice.

## II. Tort Claims

The Federal Tort Claim Act ("FTCA") permits suits against the United States for injuries caused within a government employee's scope of employment. *See* 28 U.S.C. § 1346(b)(1). "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). As Defendants point out, a claim is "presented" for purposes of the FTCA when it is actually received by the appropriate agency. 28 C.F.R. § 14.2(a). Even if the court assumes that Department of Justice was the appropriate agency for purposes of presentment of Plaintiff's tort claim, an assumption Defendant disputes, the claim was due not later than January 30, 2011, and was late as of January 31, 2011.

The facts of this case do not hint at any plausible basis for equitable tolling of the statute of limitations or for late discovery of Plaintiff's injuries. As noted above, everything that comprises Plaintiff's claims for relief occurred and were complete on January 30, 2009. Plaintiff effectively "sat on his rights" until the very end of the statutory limitations period and cannot now complain that his cause was betrayed by mail delivery that was slower than anticipated. The court finds Plaintiff's tort claims against ATF are time-barred. The court therefore lacks subject matter jurisdiction and dismissal is warranted.

## III. Leave to Amend

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the

challenged pleading could not possibly cure the deficiency." Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).  In this case Plaintiff's claims for violation of his civil rights and his tort claims against the United States (or ATF) are time-barred and there is no plausible way that amendment of the pleadings could cure this deficiency.  The court also notes that Plaintiff's opposition to Defendant's motion to dismiss is presented as a motion for extension of time to amend.  While the aim of Plaintiff's opposition is a little vague, it is clear that the opportunity to amend is at the center.  Because the court has determined that further amendment of the complaint cannot overcome the statutory time limitations barring Plaintiff's claims, Plaintiff's opposition/motion to amend will be denied.

     THEREFORE, it hereby ORDERED that Defendants' motion to dismiss Plaintiff's complaint is hereby GRANTED.  Plaintiff's complaint is hereby DISMISSED in its entirety with prejudice.  Plaintiff's request for extension of time to file an amended complaint, Docket Number 7, is hereby DENIED as moot.  The Clerk of the Court shall CLOSE the CASE.

IT IS SO ORDERED.

Dated:    November 9, 2012                                                  

                                                  UNITED STATES DISTRICT JUDGE